IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:10CV674-FTM-36DNF

CHARLES WETHERINGTON,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,

    Defendant.

_____/

FILED 2010 NOV 10 AM 10: 45 U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA FORT MYERS, FLORIDA

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA"), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, CHARLES WETHERINGTON ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Lee, and City of Lehigh.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, ENHANCED RECOVERY COMPANY, INC. ("Defendant") or ("ERC") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Beginning as early as July 2010, Defendant started making numerous daily telephone calls to Plaintiff's cell phone for a debt that he did not, in fact, owe.

12. Defendant represented to Plaintiff numerous times during its telephone messages that Plaintiff had a legal obligation to return the Defendant's phone calls regarding an alleged debt belonging to another or that Plaintiff was otherwise obligated take other actions with respect to the alleged debt.

13. Defendant placed numerous automated telephone calls to Plaintiff stating the caller's individual identity as "Chelsea," and instructing Plaintiff to return her call when it was

clear that Defendant was using a pre-recorded, automated telephone system that did not involve any specific individual for Plaintiff to return said call(s). Such representations constitute false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

14. Defendant placed numerous non-emergency telephones calls using an automatic telephone dialing system to Plaintiff's cell phone, without Plaintiffs prior express consent, for which Plaintiff was charged for the call.

15. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

17. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

19. Defendant violated 15 U.S.C. § 1692e(2)(a) by falsely representing the character, amount, or legal status of a debt to the Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(a);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

21. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
## AGAINST ERC

22. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-15 of this complaint.

23. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully engaged in conduct which could reasonably be expected to abuse or harass the Plaintiff and members of his family.

24. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, CHARLES WETHERINGTON, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e.  Any other relief deemed appropriate by this Honorable Court.

## COUNT V

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

26. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing a non-emergency telephone call using an automatic telephone dialing system to Plaintiff's cell phone, without Plaintiffs prior express consent, for which Plaintiff was charged for the call.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 8th day of November, 20 10

Respectfully submitted,
CHARLES WETHERINGTON

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com